Plaintiff's counsel had a contingency fee contract for 1/3 of the cash or indemnity compensation awarded at hearing, and the Deputy Commissioner approved a fee of 25% of that award. Plaintiff's counsel's brief asserts that "the undersigned expended numerous hours preparing the case for hearing, traveling to Graham, N.C. for the hearing, and preparing post-hearing contentions", but does not try to quantify those hours. There was a pre-trial deposition of the plaintiff, surgical and other medical records involved, a recorded statement, an unemployment benefit offset and post-injury employment, issues involving pre-existing condition and whether this knee injury was "accidental" within the meaning of the Act, and plaintiff's counsel submitted post-hearing contentions that included legal arguments. Plaintiff was awarded 27 and 2/7 weeks of compensation at the rate of $320.00 a week. In light of the services rendered, the contingent nature of the contract, the results achieved, and the amount of the recovery on which the fee is calculated — it being the policy of the Commission that injured employees should be able to obtain the assistance of counsel to vindicate any legal right to compensation — counsel's fee agreement with the plaintiff is not considered unreasonable, within the meaning of N.C.G.S. § 97-90(c), and consequently the fee specified therein should be approved. Church v. Baxter Travenol Laboratories, Inc., I.C. No. 808478, 26 July 1990, aff'd, 104 N.C. App. 411,409 S.E.2d 715 (1991).
Plaintiff's counsel cites some of the familiar caselaw to the effect that the Commission is required to make specific findings of fact to approval of a fee at variance with a fee contract. In practice, when a hearing deputy has been presented with a fee request outside of the conventions of the compensation bar and informal policies of the Commission, without any special grounds or justification (typically on a recycled personal injury/tort contract), a fee commensurate with the service has been approved, in most cases without going through the wasteful exercise of setting forth specific findings of obvious facts, and the full Commission would supply these by amendment to the award if the fee approval was appealed. The Workers' Compensation Reform Act of 1994 amended N.C.G.S. § 97-90(c), effective July 5, 1994, to provide that, "In making the allowance of attorneys' fees, the Commission shall, upon its own motion or that of an interestedparty, set forth findings sufficient to support the amount approved." (Emphasis mine.) At the same time, as the demands that many compensation cases place on counsel have grown faster than the cash amounts in controversy, the Commission is more frequently approving fees based on percentages above the norm when good grounds are presented.
Consequently, it is ORDERED that "1/3" be, and hereby is, substituted for "25%" in Award paragraph 4 of the Opinion and Award filed November 21, 1993, which otherwise shall remain in full force and effect from the date of its filing.
No additional costs are assessed on this appeal to the Full Commission.
 S/ ________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _____________________ COY M. VANCE COMMISSIONER
S/ _____________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
JRW/tmd 2/1/95